Shan Zhu, Esq.
HANG & ASSOCIATES, PLLC
136-20 38th Ave. Suite 10G
Flushing, NY 11354
Tel: (718) 353-8588
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Guozhen Lin, *Individually and on Behalf of All Other Employees Similarly Situated,*

                                        *Plaintiff,*

                    - against -

East Buffet On Main Inc. d/b/a East Buffet and Restaurant, East Bistro On Main Inc. d/b/a  East Buffet and Restaurant, East Bistro Flushing Inc. d/b/a East Buffet and Restaurant, King Crab House Inc. d/b/a King Crab House, Jiansheng Zhang a/k/a A Sheng, Hay Cheng, Xi Zheng, Yan Chun Lin, Zhenting Yu, Ruiyin Wang, Huang Lin Zhan, Jin Zhan Huang, Rui Liang Chen, "John" Zhen Li, and "Jane" Gao,

                                        *Defendants.*

Case No. 21-cv-4539

<u>**COLLECTIVE & CLASS
ACTION VERIFIED
COMPLAINT**</u>

        Plaintiff Guozhen Lin ("Plaintiff"), on behalf of himself and all others similarly situated,

by and through his attorneys, Hang & Associates, PLLC, hereby brings this complaint against

Defendants East Buffet On Main Inc. d/b/a East Buffet and Restaurant, East Bistro On Main Inc.

d/b/a  East Buffet and Restaurant, East Bistro Flushing Inc. d/b/a East Buffet and Restaurant, King

Crab House Inc. d/b/a King Crab House ("Corporate Defendants"), Jiansheng Zhang a/k/a A

Sheng, Hay Cheng, Xi Zheng, Yan Chun Lin, Zhenting Yu, Ruiyin Wang, Huang Lin Zhan, Jin

1

Zhan Huang, Rui Liang Chen, "John" Zhen Li, and "Jane" Gao ("Individual Defendants") (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1.    Upon information and belief, Defendants own and operate a successful catering business that has restaurants at two locations in New York.

2.    This is an action brought by Plaintiff on his own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

3.    Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, compensation for all hours worked, minimum wage, and overtime compensation for all hours worked over forty (40) each workweek, and unlawfully retaining tips and gratuities owed to their employees, including Plaintiff.

4.    Plaintiff alleges, pursuant to the FLSA, that he is entitled to recover from Defendants: (i) unpaid minimum wages, (ii) unpaid overtime wages, (iii) unlawfully retained tips and gratuities, (iv) liquidated damages, (v) prejudgment and post-judgment interest; and (vi) attorneys' fees and costs.

5.    Plaintiff further alleges, pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR"), that he is entitled to recover from  the Defendants: (i) unpaid minimum wages, (ii) unpaid overtime compensation, (iii) unpaid "spread of hours" premium for each day they worked an interval in excess of ten hours,  (iv) unlawfully retained tips and gratuities, (v) compensation for failure to provide wage notice at the time of hiring

and failure to provide paystubs in violation of the NYLL, (vi) liquidated damages equal to the sum of unpaid minimum wage, unpaid overtime, and unpaid "spread of hours" premium, pursuant to the NY Wage Theft Prevention Act, (vii) prejudgment and post-judgment interest, and (viii) attorney's fees and costs.

## JURISDICTION AND VENUE

6.    This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

7.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

8.    Upon information and belief, Plaintiff is an individual residing in Queens County, New York.

9.    Upon information and belief, from in or about May 2018 to in or about November 2018, Plaintiff was employed as a helper by Defendants' catering business at "East Buffet and Restaurant", located at 4207 Main Street, Flushing, New York 11355.

10.    Upon information and belief, from on or about November 26, 2018 to on or about March 12, 2020, Plaintiff was employed as a helper by Defendants' catering business at "King Crab House", located at 135-11 40th Rd, Queens, NY 11354.

## DEFENDANTS

### *Corporate Defendants*

11.     Upon information and belief, Defendants operate a single integrated catering enterprise with a principal place of business at 4207 Main Street, Flushing, New York 11355. All of Corporate Defendants are legal entities for Defendants' restaurants in a chain and involve the same or similar activities necessary to the operation of Defendants' catering business through unified operation and common control for a common business purpose.

### *Defendant East Buffet On Main Inc.*

12.     Upon information and belief, Defendant East Buffet On Main Inc. d/b/a East Buffet and Restaurant is a domestic business corporation organized under the laws of the State of New York with a principal business address at 4207 Main Street, Flushing, New York 11355.

13.     Upon information and belief, Defendant East Buffet On Main Inc. had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

### *Defendant East Bistro On Main Inc.*

14.     Upon information and belief, Defendant East Bistro On Main Inc. d/b/a East Buffet and Restaurant is a domestic business corporation organized under the laws of the State of New York with a principal business address at 4207 Main Street, Flushing, New York 11355.

15.     Upon information and belief, Defendant East Bistro On Main Inc. had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

### *Defendant East Bistro Flushing Inc.*

16.     Upon information and belief, Defendant East Bistro Flushing Inc. d/b/a East Buffet and Restaurant is a domestic business corporation organized under the laws of the State of New York with a principal business address at 4207 Main Street, Flushing, New York 11355.

17.    Upon information and belief, Defendant East Bistro Flushing Inc. had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

**Defendant King Crab House Inc.**

18.    Upon information and belief, Defendant King Crab House Inc. d/b/a King Crab House ("King Crab House") is a domestic business corporation organized under the laws of the State of New York with a principal business address at 135-11 40th Rd, Queens, NY 11354.

19.    Upon information and belief, Defendant King Crab House had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

**_Individual Defendants_**

20.    Individual Defendants are or were officers, directors, managers and/or majority shareholders or owners of Corporate Defendants and are jointly and severally liable for unpaid wages under the New York Business Corporation Law and Limited Liability Company Law. NY BCL§ 630(a).

**Defendant Jiansheng Zhang**

21.    Upon information and belief, Defendant Jiansheng Zhang a/k/a A Sheng is or was the owner of Corporate Defendants and participates or participated in the day-to-day operations of Corporate Defendants and acted intentionally and maliciously. Defendant Jiansheng Zhang is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Corporate Defendants.

22.    Upon information and belief, Defendant Jiansheng Zhang owns or owned the stock of Corporate Defendants and manages and makes or managed and made all business decisions for Corporate Defendants, including, but not limited to, the amount in salary the employees receive

and the number of hours employees work; and being or having been amongst the ten largest corporate shareholders, Defendant Jiansheng Zhang is individually liable for unpaid wages under the New York Business Corporation Law Section 630.

23.     Upon information and belief, Defendant Jiansheng Zhang determines or determined the wages and compensation of the employees of Defendants, including Plaintiff, establishes or established work schedules and workload of the employees, maintains or maintained employee records, and has or had the authority to hire and fire employees.

***Defendant Yan Chun Lin***

24.     Upon information and belief, Defendant Yan Chun Lin is or was the owner of Corporate Defendants and participates or participated in the day-to-day operations of Corporate Defendants and acted intentionally and maliciously. Defendant Yan Chun Lin is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Corporate Defendants.

25.     Upon information and belief, Defendant Yan Chun Lin owns or owned the stock of Corporate Defendants and manages and makes or managed and made all business decisions for Corporate Defendants, including, but not limited to, the amount in salary the employees receive and the number of hours employees work; and being or having been amongst the ten largest corporate shareholders, Defendant Yan Chun Lin is individually liable for unpaid wages under the New York Business Corporation Law Section 630.

26.     Upon information and belief, Defendant Yan Chun Lin is the chief executive officer of East Buffet On Main Inc.

6

27.    Upon information and belief, Defendant Yan Chun Lin determines or determined the wages and compensation of the employees of Defendants, including Plaintiff, establishes or established work schedules and workload of the employees, maintains or maintained employee records, and has or had the authority to hire and fire employees.

*Defendant Huang Lin Zhan*

28.    Upon information and belief, Defendant Huang Lin Zhan is or was the owner of Corporate Defendants and participates or participated in the day-to-day operations of Corporate Defendants and acted intentionally and maliciously. Defendant Huang Lin Zhan is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Corporate Defendants.

29.    Upon information and belief, Defendant Huang Lin Zhan owns or owned the stock of Corporate Defendants and manages and makes or managed and made all business decisions for Corporate Defendants, including, but not limited to, the amount in salary the employees receive and the number of hours employees work; and being or having been amongst the ten largest corporate shareholders, Defendant Huang Lin Zhan is individually liable for unpaid wages under the New York Business Corporation Law Section 630.

30.    Upon information and belief, Defendant Huang Lin Zhan determines or determined the wages and compensation of the employees of Defendants, including Plaintiff, establishes or established work schedules and workload of the employees, maintains or maintained employee records, and has or had the authority to hire and fire employees.

*Defendant Jin Zhan Huang*

31.     Upon information and belief, Defendant Jin Zhan Huang is or was the owner of Corporate Defendants and participates or participated in the day-to-day operations of Corporate Defendants and acted intentionally and maliciously. Defendant Huang Lin Zhan is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Corporate Defendants.

32.     Upon information and belief, Defendant Jin Zhan Huang owns or owned the stock of Corporate Defendants and manages and makes or managed and made all business decisions for Corporate Defendants, including, but not limited to, the amount in salary the employees receive and the number of hours employees work; and being or having been amongst the ten largest corporate shareholders, Defendant Jin Zhan Huang is individually liable for unpaid wages under the New York Business Corporation Law Section 630.

33.     Upon information and belief, Defendant Jin Zhan Huang is the principal officer and Chief Executive Officer of East Bistro On Main Inc.

34.     Upon information and belief, Defendant Jin Zhan Huang determines or determined the wages and compensation of the employees of Defendants, including Plaintiff, establishes or established work schedules and workload of the employees, maintains or maintained employee records, and has or had the authority to hire and fire employees.

### Defendant Hay Cheng

35.     Upon information and belief, Defendant Hay Cheng is or was the owner of Corporate Defendants and participates or participated in the day-to-day operations of Corporate Defendants and acted intentionally and maliciously. Defendant Hay Cheng is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2,

NYLL §2 and the regulations thereunder, and is jointly and severally liable with Corporate Defendants.

36.    Upon information and belief, Defendant Hay Cheng owns or owned the stock of Corporate Defendants and manages and makes or managed and made all business decisions for Corporate Defendants, including, but not limited to, the amount in salary the employees receive and the number of hours employees work; and being or having been amongst the ten largest corporate shareholders, Defendant Hay Cheng is individually liable for unpaid wages under the New York Business Corporation Law Section 630.

37.    Upon information and belief, Defendant Hay Cheng is the chief executive officer of East Bistro Flushing Inc.

38.    Upon information and belief, Defendant Hay Cheng determines or determined the wages and compensation of the employees of Defendants, including Plaintiff, establishes or established work schedules and workload of the employees, maintains or maintained employee records, and has or had the authority to hire and fire employees.

### Defendant Xi Zheng

39.    Upon information and belief, Defendant Xi Zheng is or was the owner of Corporate Defendants and participates or participated in the day-to-day operations of Corporate Defendants and acted intentionally and maliciously. Defendant Xi Zheng is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Corporate Defendants.

40.    Upon information and belief, Defendant Xi Zheng owns or owned the stock of Corporate Defendants and manages and makes or managed and made all business decisions for Corporate Defendants, including, but not limited to, the amount in salary the employees receive

and the number of hours employees work; and being or having been amongst the ten largest corporate shareholders, Defendant Xi Zheng is individually liable for unpaid wages under the New York Business Corporation Law Section 630.

41.     Upon information and belief, Defendant Xi Zheng determines or determined the wages and compensation of the employees of Defendants, including Plaintiff, establishes or established work schedules and workload of the employees, maintains or maintained employee records, and has or had the authority to hire and fire employees.

***Defendant Zhenting Yu***

42.     Upon information and belief, Defendant Zhenting Yu is or was the owner of Corporate Defendants and participates or participated in the day-to-day operations of Corporate Defendants and acted intentionally and maliciously. Defendant Zhenting Yu is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Corporate Defendants.

43.     Upon information and belief, Defendant Zhenting Yu owns or owned the stock of Corporate Defendants and manages and makes or managed and made all business decisions for Corporate Defendants, including, but not limited to, the amount in salary the employees receive and the number of hours employees work; and being or having been amongst the ten largest corporate shareholders, Defendant Zhenting Yu is individually liable for unpaid wages under the New York Business Corporation Law Section 630.

44.     Upon information and belief, Defendant Zhenting Yu determines or determined the wages and compensation of the employees of Defendants, including Plaintiff, establishes or

established work schedules and workload of the employees, maintains or maintained employee records, and has or had the authority to hire and fire employees.

***Defendant Rui Liang Chen***

45.    Upon information and belief, Defendant Rui Liang Chen is or was the owner of Corporate Defendants and participates or participated in the day-to-day operations of Corporate Defendants and acted intentionally and maliciously. Defendant Rui Liang Chen is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Corporate Defendants.

46.    Upon information and belief, Defendant Rui Liang Chen owns or owned the stock of Corporate Defendants and manages and makes or managed and made all business decisions for Corporate Defendants, including, but not limited to, the amount in salary the employees receive and the number of hours employees work; and being or having been amongst the ten largest corporate shareholders, Defendant Rui Liang Chen is individually liable for unpaid wages under the New York Business Corporation Law Section 630.

47.    Upon information and belief, Defendant Rui Liang Chen is the principle and chief executive officer of King Crab House Inc.

48.    Upon information and belief, Defendant Rui Liang Chen determines or determined the wages and compensation of the employees of Defendants, including Plaintiff, establishes or established work schedules and workload of the employees, maintains or maintained employee records, and has or had the authority to hire and fire employees.

***Defendant Ruiyin Wang***

49.     Upon information and belief, Defendant Ruiyin Wang is or was the owner of Corporate Defendants and participates or participated in the day-to-day operations of Corporate Defendants and acted intentionally and maliciously. Defendant Ruiyin Wang is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Corporate Defendants.

50.     Upon information and belief, Defendant Ruiyin Wang owns or owned the stock of Corporate Defendants and manages and makes or managed and made all business decisions for Corporate Defendants, including, but not limited to, the amount in salary the employees receive and the number of hours employees work; and being or having been amongst the ten largest corporate shareholders, Defendant Ruiyin Wang is individually liable for unpaid wages under the New York Business Corporation Law Section 630.

51.     Upon information and belief, Defendant Ruiyin Wang determines or determined the wages and compensation of the employees of Defendants, including Plaintiff, establishes or established work schedules and workload of the employees, maintains or maintained employee records, and has or had the authority to hire and fire employees.

***Defendant "Jane" Gao***

52.     Upon information and belief, Defendant "Jane" Gao is or was the owner of Corporate Defendants and participates or participated in the day-to-day operations of Corporate Defendants and acted intentionally and maliciously. Defendant "Jane" Gao is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Corporate Defendants.

53.     Upon information and belief, Defendant "Jane" Gao owns or owned the stock of Corporate Defendants and manages and makes or managed and made all business decisions for Corporate Defendants, including, but not limited to, the amount in salary the employees receive and the number of hours employees work; and being or having been amongst the ten largest corporate shareholders, Defendant "Jane" Gao is individually liable for unpaid wages under the New York Business Corporation Law Section 630.

54.     Upon information and belief, Defendant "Jane" Gao determines or determined the wages and compensation of the employees of Defendants, including Plaintiff, establishes or established work schedules and workload of the employees, maintains or maintained employee records, and has or had the authority to hire and fire employees.

**_Defendant "John" Zhen Li_**

55.     Upon information and belief, Defendant "John" Zhen Li is or was the owner of Corporate Defendants and participates or participated in the day-to-day operations of Corporate Defendants and acted intentionally and maliciously. Defendant "John" Zhen Li is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Corporate Defendants.

56.     Upon information and belief, Defendant "John" Zhen Li owns or owned the stock of Corporate Defendants and manages and makes or managed and made all business decisions for Corporate Defendants, including, but not limited to, the amount in salary the employees receive and the number of hours employees work; and being or having been amongst the ten largest corporate shareholders, Defendant "John" Zhen Li is individually liable for unpaid wages under the New York Business Corporation Law Section 630.

57.    Upon information and belief, Defendant "John" Zhen Li determines or determined the wages and compensation of the employees of Defendants, including Plaintiff, establishes or established work schedules and workload of the employees, maintains or maintained employee records, and has or had the authority to hire and fire employees.

58.    Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

59.    Plaintiff brings this action individually and on behalf of all other and former nonexempt employees who are or were employed by Defendants at their restaurant locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") (the "Collective Action Members").

60.    Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of Defendants.

61.    Upon information and belief, there are more than forty (40) Collective Action members, who have worked for or have continued to work for Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

62.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the field of employment

law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

63.    This action should be certified as collective action because the prosecution of separate actions by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would, as a practical matter, be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede such other members' ability to protect their interests.

64.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy as the joinder of all members is impracticable. Inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

65.    Questions of law and fact common to Collective Action Members predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a.    Whether the Defendants "employed" Collective Action Members within the meaning of the FLSA;

b.    Whether the Defendants' violations of the FLSA are "willful" as the terms is used within the context of the FLSA; and,

15

c.      Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

66.     Upon information and belief, Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

67.     Upon information and belief, Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## CLASS ACTION ALLEGATIONS

68.     Plaintiff brings his NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at their two restaurant locations in New York doing business as East Buffet and Restaurant and King Crab House, on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

69.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, the names and addresses of Class members are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P 23.

70.     The proposed Class is so numerous that the joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the

precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the class.

71.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of unlawful tip pooling and/or retention. Defendants' corporation wide policies and practices, including but not limited to their failure to provide a wage notice at the time of hiring, affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

72.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiff in both class action and wage and hour employment litigation cases.

73.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the

sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

74.    Upon information and belief, most of the Class members would not likely to file individual suit against Defendants. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

75.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

18

b. Whether Defendants maintained a policy, pattern and/or practice of gratuity violations to Plaintiffs and the Rule 23 Class according to NYLL;

c. Whether the Defendants provided wage notices at the time of hiring to Plaintiff and class members as required by the NYLL;

d. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work.

### STATEMENT OF FACTS

76.    Defendants committed the following alleged acts knowingly, intentionally and willfully.

77.    Upon information and belief, Defendant East Buffet On Main Inc., Defendant East Bistro On Main Inc., and Defendant East Bistro Flushing Inc. are registered and operated in the same business address, provided identical service to public, and share the same employees and owned by the same shareholders.

78.    Upon information and belief, Defendant King Crab House Inc. provided substantially the same service to public and shares the same employees and owned by the same shareholders as with other Corporate Defendants.

79.    Upon information and belief, throughout Plaintiff's employment, at least two to three Individual Defendants would be in each restaurant location daily to supervise the day-to-day management of that restaurant.

80.    Upon information and belief, throughout Plaintiff's employment, Defendants have had at least 50 employees at East Buffet and Restaurant and at least 30 employees at King Crab House.

81.     Upon information and belief, Defendants knew that the nonpayment of minimum wage, overtime pay, and spread of hours pay, unlawfully retaining tips, and failure to provide the required wage notice at the time of hiring and to furnish wage statements with every payment of wages would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

82.     Upon information and belief, throughout his employment with Defendants, Plaintiff's job duties including preparing vegetables and seafoods, loading and unloading goods, and cleanings.

83.     Upon information and belief, from in or about May 2018 to November 2018, Defendant Jiansheng Zhang hired Plaintiff as a helper and required Plaintiff to work at East Buffet and Restaurant, located at 4207 Main St, Queens, NY 11355.

84.     Upon information and belief, throughout his employment at East Buffet and Restaurant, Plaintiff regularly worked six days a week without a set day to rest and sometime was required to work for seven days a week. On each day worked during this period, Plaintiff was usually required to work from about 10:30 a.m. to at least 10:30 p.m. and was often required to work till about 11:00 p.m. or 12:00 a.m. At about 3:00 p.m. on each workday, Plaintiff would have a 30-minute lunch break. Accordingly, Plaintiff regularly worked more than forty (40) hours per week.

85.     Upon information and belief, throughout Plaintiff's employment at East Buffet and Restaurant, Defendants required Plaintiff to clock in and out using the facial recognition time clock provided by Defendants.

86.     Upon information and belief, throughout Plaintiff's employment at East Buffet and Restaurant, Defendants unlawfully retained portions of Plaintiff's tips and gratuities for every

banquet the Plaintiff served. During the same time period which was the busy season for Defendants to hold bauquets, Plaintiff served at least 20 banquets per month on average and was entitled to tips and gratuities offered by customers, which was given according to the local custom as $1 per table, and there were usually 50 tables in each banquet.

87.    Upon information and belief, throughout Plaintiff's employment at East Buffet and Restaurant, Defendant Jiansheng Zhang paid small portions of tips and gratuities to Plaintiff.

88.    Upon information and belief, throughout his employment at East Buffet and Restaurant, Plaintiff was compensated as $100 per day and was paid weekly in cash.

89.    Upon information and belief, from on or about December 26, 2018 to on or about March 12, 2020, Defendant Jiansheng Zhang required Plaintiff to transfer to King Crab House, located at 135-11 40th Rd, Queens, NY 11354.

90.    Upon information and belief, throughout his employment at King Crab House, Plaintiff regularly worked six days a week with Monday or Tuesday off and with the following schedule:

(i)    From on or about December 26, 2018 to about February 2019, Plaintiff was required to work from 11:50 a.m. to about 9:30 p.m. on each workday.

(ii)    From about March 2019 to about August 2019, Plaintiff was required to work from 11:50 a.m. to about 10:00 p.m. each workday.

(iii)    From about September 2019 to the end of the employment at King Crab House, Plaintiff was required to work from 4:00 p.m. to about 2:00 a.m. on each workday.

Plaintiff did not have uninterrupted meal breaks on workdays. Accordingly, Plaintiff regularly worked more than forty (40) hours per week.

91.     Upon information and belief, throughout Plaintiff's employment at King Crab House, Defendants required Plaintiff to write down the starting and ending time of his work on the notebook provided and maintained by Defendants.

92.     Upon information and belief, throughout Plaintiff's employment at King Crab House, Defendants unlawfully retained Plaintiff's tips and gratuities for every banquet the Plaintiff served.

93.     Upon information and belief, throughout his employment at King Crab House, Plaintiff was paid on the 3rd and the 18th day of each month. From on or about December 26, 2018 to about July 2019, Plaintiff was compensated as $2,700 per month. For August 2019, Plaintiff was compensated as $2,900 per month. From about September 2019 to the end of his employment at King Crab House, Plaintiff was compensated as $3,000 per month.

94.     Upon information and belief, throughout Plaintiff's employment at King Crab House, Defendant "John" Zhen Li paid the work compensation to Plaintiff

95.     Upon information and belief, throughout his employment with Defendants, Plaintiff was not compensated for all hours worked over forty (40) in each workweek in accordance with state and federal laws.

96.     Upon information and belief, throughout his employment with Defendants, Plaintiff was not compensated for the spread of hour for the days when the "spread of hours" exceeds 10 hours or there is a "split shift" in accordance with state laws.

97.     Upon information and belief, throughout his employment with Defendants, Plaintiff was not overtime-exempt under federal and state laws.

98.     Upon information and belief, Plaintiff was not provided a written wage notice upon hiring, in English and in Chinese (the primary language identified by Plaintiff), containing

22

information including, but not limited to, her rate of pay and basis thereof, allowances, including

tip and meal credits, claimed by Defendants, the regular pay day designated by Defendants.

99.    Upon information and belief, Defendants did not provide Plaintiff with a wage

statement with every wage payment.

## STATEMENT OF CLAIMS

### COUNT I
### [Violations of the Fair Labor Standards Act—Minimum Wage Brought on behalf of Plaintiff and the FLSA Collective]

100.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as

though fully set forth herein.

101.    At all relevant times, upon information and belief, Defendants have been, and

continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods"

for "commerce," within the meaning of the FLSA, 29 U.S.C. §206(a) and §207(a). Further,

Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

102.    At all relevant times, Defendants employed "employees" including Plaintiff, within

the meaning of FLSA.

103.    Upon information and belief, at all relevant times, Defendants have had gross

revenues in excess of $500,000.

104.    The FLSA provides that any employer engaged in commerce shall pay employees

the applicable minimum wage. 29 U.S.C. § 206(a).

105.    At all relevant times, Defendants had a policy and practice of refusing to pay the

statutory minimum wage to Plaintiff, and the collective action members, for some or all of the

hours they worked.

106.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

107.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II
### [Violation of New York Labor Law—Minimum Wage Brought on behalf of Plaintiff and Rule 23 Class]

108.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

109.    At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

110.    Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

111.    Defendants knowingly and willfully violated Plaintiff's and Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

## COUNT III
### [Violations of the Fair Labor Standards Act—Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]

112.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

24

113.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

114.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages.  29 U.S.C. §216(b).

115.    Defendants' failure to pay Plaintiff and the FLSA Collective their overtime premiums violated the FLSA.

116.    At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a  half  to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours  per  workweek, which  violated  and  continues  to  violate  the  FLSA,  29  U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

117.    The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

118.    Defendants  willfully  failed  to  notify  Plaintiff  and  FLSA  Collective  of  the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

119.    Defendants knowingly and willfully disregarded the provisions of the  FLSA  as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they

knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT IV
### [Violation of New York Labor Law—Overtime Pay Brought on behalf of Plaintiff and the Rule 23 Class]

120.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

121.    Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

122.    Defendants' failure to pay Plaintiff and the Rule 23 Class their overtime premiums violated the NYLL.

123.    Defendants' failure to pay Plaintiff and the Rule 23 Class was not in good faith.

## COUNT V
### [Violation of New York Labor Law—Spread-of-Hour Pay]

124.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

125.    The NYLL and supporting regulations require employers to pay employees whose workday begins and ends more than 10 hours apart an extra hour of pay, known as the spread-of-our rate. An employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage for any day in which the "spread of hours" exceeds 10 hours or there is a "split shift", which  includes all time working, time off for meals, and any off-duty time during or between shifts. 12 N.Y.C.R.R. §142-2.4

26

126.    Pursuant to the New York Wage Theft Prevention Act (hereinafter "NYWTPA"), an employer who fails to pay proper the spread of hours compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

127.    Defendants' failure to give Plaintiff the spread-of-hours compensation, for days Plaintiff worked more than ten hours, violated the NYCRR §142-2.4.

128.    Defendants have acted willfully and have either known that their conduct violated the NYLL and NYCRR or have shown a reckless disregard for the matter of whether their conduct violated the NYLL and NYCRR. Defendants have not acted in good faith with respect to the conduct alleged herein.

## COUNT VI
### [Violation of New York Labor Law—Unlawful Withholding of Gratuities]

129.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

130.    Pursuant to NYLL Article 6 § 196-d, and the supporting New York State Department of Labor Regulations, "No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

131.    Upon information and belief, the Individual Defendants exercised dominion and control over the employees including Plaintiff that performed work at the East Buffet Restaurant and King Crab House.

132.    Upon information and belief, Defendants unlawfully withheld and retained gratuities intended for banquet service employees including Plaintiff.

133.    Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of applicable New York State law by failing to maintain proper and complete records of mandatory charges in the nature of gratuities, as required under 12 NYCRR § 146-2.

134.    By the foregoing reasons, Defendants have violated NYLL Article 6 § 196-d, and as such are liable to Plaintiff and putative class members in an amount to be determined at trial, plus interest, attorneys' fees and costs.

## COUNT VII
## [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

135.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

136.    The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

137.    Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's

primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

138.    Defendants not only did not provide notice to each employee at time of hire but also failed to provide notice to Plaintiff thereafter.

139.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VIII
**[Violation of New York Labor Law—New York Pay Stub Requirement]**

140.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

141.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

142.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff and did not provide the paystub on or after each Plaintiff's payday.

143.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

**Prayer For Relief**

WHEREFORE, Plaintiff, on behalf of himself, and the FLSA collective plaintiffs and rule 23 class, respectfully request that this court enter a judgment providing the following relief:

a)    Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c)    Designation of Plaintiff as representatives of the Rule 23 Class, and counsel of record as Class counsel;

d)    Certification of this case as a collective action pursuant to FLSA;

e)    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

f)    A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g)    An injunction against Defendants, their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

30

h)   An award of unpaid wages, minimum wages and overtime premiums due Plaintiff and the Collective Action members under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of one hundred percent of the underpayment under NY Wage Theft Prevention Act, and interest;

i)   An award of unpaid spread-of-hour pay due under New York Labor Law, pls compensatory and liquidated damages in the amount of one hundred percent of the underpayment under NY Wage Theft Prevention Act, and interest;

j)   An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law;

k)   An award of damages for Defendant's failure to provide correct wage statements with every payment of wages as required under the New York Labor Law;

l)   An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

m)   An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

n)   The cost and disbursements of this action;

o)   An award of prejudgment and post-judgment fees;

p)   Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

q)    Such other and further legal and equitable relief as this Court deems necessary, just,

and proper.


Dated: Flushing, New York
August 7, 2021

                                    Respectfully Submitted,

                                    HANG & ASSOCIATES, PLLC
                                    *Attorneys for Plaintiff, Proposed FLSA*
                                    *Collective and Potential Rule 23 Class*

                                    By:  /s/  Shan Zhu_____
                                    Shan Zhu, Esq.
                                    136-20 38th Ave. Suite 10G
                                    Flushing, NY 11354
                                    Tel: (718) 353-8588
                                    Fax: (718) 353-6288
                                    Email: szhu@hanglaw.com

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by East Buffet On Main Inc. d/b/a East Buffet and Restaurant, East Bistro Flushing Inc. d/b/a East Buffet and Restaurant, and ABC Corporation d/b/a King Crab House, and/or related entities and individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

*GUOZHEN LIN*
Full Legal Name (Print)

*GUOZHEN LIN*
Signature

*2021, 7. 2.*
Date

5

## VERIFICATION

I am the Plaintiff in the within action. I have read the foregoing Collective & Class Action Verified Complaint and known the content thereof. I declare under penalty of perjury the foregoing to be true and correct to my own knowledge, except those stated to have been made on information and belief, or which express my opinion, and as to those allegations, I believe them to be true.


Date: August ___7___, 2021

_Flushing_, New York


_Guozhen Lin_

Print: Guozhen Lin