# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

March 16, 2023

Ziyi Gao, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: zgao@hanglaw.com

**VIA ECF:**
Hon. Robert M. Levy
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

                                                **Re: Lin v. East Buffet On Main Inc. et al**
                                                    **Case No. 1:21-cv-04539-LDH-RML**

Dear Judge Levy,

      This firm is counsel to the Plaintiff in the above-referenced action. Pursuant to Your Honor's Order dated February 10, 2023, I respectfully submit this letter motion on behalf of all settled parties, Plaintiff Guo Zhen Lin and Defendants East Buffet On Main Inc. d/b/a East Buffet and Restaurant, East Bistro On Main Inc., East Bistro Flushing Inc., King Crab House Inc. d/b/a King Crab House, Hay Cheng, Yan Chun Lin, Jin Zhan Huang also sued herein as Huang Lin Zhan and Rui Liang Chen (collectively "Defendants") (Plaintiff and Defendants are jointly referred to in this letter as the "Parties") for approval of the Parties' negotiated Settlement Agreement and Release (the "Settlement Agreement") herein attached as **Exhibit A**.

      Per the February 10, 2023, Order, Plaintiff was granted to file this fairness letter by March 13, 2023. For the reasons set forth below, the Parties respectfully request that the Settlement Agreement be approved pursuant to the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and be found to be fair and reasonable in accordance with the factors set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-336 (S.D.N.Y. 2012).

## I. Plaintiff's Allegations and Defendants' Responses

      Plaintiff commenced this action on August 19, 2021, alleging, inter alia, minimum wages, overtime claims, spread of hours, illegal deduction of gratuities, failure to provide wage notice at time of hiring, and failure to provide paystubs under FLSA and New York Labor Law ("NYLL"), against East Buffet On Main Inc. d/b/a East Buffet and Restaurant, East Bistro On Main Inc. d/b/a East Buffet and Restaurant, East Bistro Flushing Inc. d/b/a East Buffet and Restaurant, King Crab House Inc. d/b/a King Crab House, Jiansheng Zhang a/k/a A Sheng, Hay Cheng, Xi Zheng, Yan

Chun Lin, Zhenting Yu, Ruiyin Wang, Huang Lin Zhan, Jin Zhan Huang, Rui Liang Chen, "John" Zhen Li, and "Jane" Gao. Specifically, Plaintiff asserted the following allegations.

Plaintiff worked for Defendants East Buffet and Restaurant located at 4207 Main St, Queens, NY 11355 from May 2018 to November 2018 as a helper. When Plaintiff worked at East Buffet and Restaurant, he regularly worked six days a week without a set day to rest and sometime was required to work for seven days a week. On each day worked during this period, he was usually required to work from about 10:30 am to at least 10:30 pm and was often required to work till about 11:00 pm or 12:00 am. At about 3:00 pm on each workday, he would have a 30-minute lunch break. Therefore, he regularly worked more than forty (40) hours per week.

Defendants unlawfully retained portions of his tips and gratuities for every banquet that Plaintiff served. During the same time period which was the busy season for Defendants to hold banquets, he served at least 20 banquets per month on an average and was entitled to tips and gratuities offered by customers, which was given according to the local custom as $1 per table, and there were usually 50 tables in each banquet. Throughout his employment at East Buffet and Restaurant, Defendants paid small portions of tips and gratuities to him. Throughout his employment at East Buffet and Restaurant, Plaintiff LIN was compensated as $100 per day and was paid weekly in cash.

Defendants required Plaintiff to transfer to King Crab House from December 26, 2018 to March 12, 2020. Throughout his employment at King Crab House, he regularly worked six days a week with Monday or Tuesday off and with the following schedule:

a. From on or about December 26, 2018, to about February 2019. he was required to work from 11:50 am to about 9:30 pm on each workday.

b. From about March 2019 to about August 2019, he was required to work from 11:50 am to about 10:00 pm each workday.

c. From about September 2019 to the end of the employment at King Crab House, he was required to work from 4:00 pm to about 2:00 am on each workday.

He did not have uninterrupted meal breaks on workdays. He regularly worked more than forty (40) hours per week.

Throughout his employment at King Crab House, Defendants required Plaintiff to write down the starting time of his work on the notebook provided and maintained by Defendants. Throughout his employment at King Crab House, Defendants unlawfully retained his tips and gratuities for every banquet Plaintiff served. Throughout his employment at King Crab House, Plaintiff LIN was paid on the 3rd and the 18th day of each month. Form on or about December 26, 2018, to about July 2019, he was compensated as $2,700 per month. For August 2019, he was compensated as $2,900 per month. From about September 2019 to the end of my employment at King Crab House, he was compensated as $3,000 per month.

Although Plaintiff regularly worked in excess of forty (40) hours per workweek during his employment by Defendants, Defendants never paid him overtime premium for hours that he

worked in excess of forty (40), as required under the FLSA and NYLL, and instead paid him straight pay.

Defendants deny the allegations asserted by Plaintiff, and specifically deny any potential liability. Among other matters, Defendants dispute Plaintiff's claimed rates, hours worked, and alleged period of employment. Further, Plaintiff was a kitchen helper - not a food service worker – and Plaintiff was not eligible to share tips / gratuities with food service workers or service workers. Defendants dispute Plaintiff's entitlement to liquidated damages. King Crab House provided Plaintiff a time of hire notice. Defendants dispute Plaintiff's calculation of purported damages.

In sum, there is a bona fide dispute between the Parties regarding the merits of Plaintiff's wage and hour claims. The instant settlement constitutes the Parties' effort to resolve same in an amicable fashion through arm's length bargaining.

## II.   Settlement Amount

At the inception of the litigation, Plaintiff submitted a settlement demand in the amount of approximately $222,780.76, inclusive of attorney's fees. The demand was wholly based on Plaintiff's calculation of the maximum possible recovery if they were able to establish each and every claim including the liquidated damages (an amount which was disputed by Defendants).

After that, the Parties actively explored the settlement possibilities and on February 9, 2023, the Parties participated in the mediation conference. On the mediation conference, the Parties reached a settlement in principle on all matters.

The Parties agreed on the settlement amount of $90,000.00 in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions in the litigation.

The gross settlement amount is $90,000.00, inclusive of Plaintiff's counsel's fees and costs of $31,184.67, and settlement payments to Plaintiff of $58,815.33. The attorney's fees and costs are allocated as follows: $29,407.67 for fees, and $1,777.00 for costs. Plaintiff's attorney bill and invoices are herein attached as **Exhibit B**. This gross settlement amount reflects a reasonable compromise between the parties' dispute over Defendants' alleged failure to pay minimum wages, overtime wages, spread of hours, unlawful withholding of gratuities, failure to give a wage notice at time of hiring, and failure to provide paystubs.

## III.   The Settlement Agreement is Fair and Reasonable

Plaintiff seeks final approval of the Settlement Agreement reached in this case, pursuant to the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015) (holding that, "the FLSA falls within the 'applicable federal statute' exception under Rule 41" and therefore, "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect."). As set forth in further detail below, and in accordance with *Wolinksy v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), the Parties are in agreement that this settlement is fair, reasonable, consistent with the underlying

purposes of the FLSA, and is the product of equal bargaining.

As articulated in *Wolinksy*, when assessing the fairness of a settlement, a court should consider the totality of circumstances including but not limited to several factors such as: (1) the range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement "is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Wolinksy*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214, 2010 U.S. Dist. LEXIS 75098 (S.D.N.Y. July 23, 2010)). Based on an analysis of these factors, the Parties are confident that the negotiation process was conducted at arm's length and should pass this Court's scrutiny.

### A.     The Range of Possible Recovery

Based on damage calculations, attached as **Exhibit C**, prepared by Plaintiff's counsel relying on Plaintiff's allegations, Plaintiff contends that they are owed $35,829.50 in back wages, unpaid spread-of-hour premium $4,307.00, illegally retained gratuities $42,000.00, $10,000 in statutory penalties, $82,136.50 in liquidated damages and attorney's fees. These calculations, however, do not factor Defendants' defenses asserted in the litigation and the inherent risks and uncertainties of proceeding with a jury trial. In addition, the likelihood of plaintiff collecting on a full judgment is highly uncertain. Notwithstanding, after informal discovery production and extensive settlement discussions, the Parties were able to negotiate a Settlement Agreement for $90,000.00, inclusive of attorneys' fees and costs.

### B.     The Seriousness of the Litigation Risks Faced by the Parties

Considering the risks and the uncertainty of trial, Plaintiff's counsel believes that this settlement is a fair result and should thus be approved. *See e.g. Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3, 11 Civ. 465 (KBF) (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.") (internal citations omitted).  In addition, the cost of the Settlement Amount is substantially less than the anticipated cost trial. By settling now rather than litigating further, Plaintiff avoids the risk of losing at trial or, even if prevailing at trial, avoid the uncertainty of collecting on a judgment. Continued litigation, therefore, will negatively impact the Plaintiff's chances at any recovery. Most importantly, Plaintiff understands the situation, is satisfied with the settlement amount, and voluntarily and willingly entered into the Settlement Agreement.

### C.     The Settlement Negotiation Occurred at Arm's Length

From the onset of this case the Parties engaged in communications and discussions in an effort to settle this matter. Parties, through arm's length negotiations and were able to settle at a mediation conference annexed by the Court.

### D. The Proposed Settlement Does Not Conflict with the *Cheeks* Admonitions

The settlement agreement does not contain any terms that would militate against the Court approving it. *See Nieto v. Izzo Construction Corp.*, No. 15 Civ. 6958, 2018 WL 2227989, at *2 (E.D.N.Y. May 14, 2018) (Levy, Mag.). For instance, the agreement does not contain a confidentiality or non-disparagement clause that may "run afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair." *Flood v. Carlson Restaurants Inc.*, No. 14 CIV. 2740 AT GWG, 2015 WL 4111668, at *1 (S.D.N.Y. July 6, 2015) (citing *Lopez v. Nights of Cabiria, LLC*, No. 14 Civ. 1274, 2015 WL 1455689, at *5 (S.D.N.Y. Mar. 30, 2015)); also compare *Ezpino v. CDL Underground Specialists, Inc*., No. 14CV3173DRHSIL, 2017 WL 3037483, at *2-3 (E.D.N.Y. June 30, 2017), report and recommendation adopted, No. CV143173DRHSIL, 2017 WL 3037406 (E.D.N.Y. July 17, 2017) (citing *Cheeks*, 796 F.3d at 206) (approving settlement agreement where it did not "contain a confidentiality provision nor does it contain a non-disparagement clause"); with *Gonzalez*, 2015 WL 6550560, at *3 (citing *Cheeks*, 796 F.3d at 206) (declining to approve FLSA settlement containing a confidentiality provision).

Other factors present do not weigh against approval of the settlement. This matter was conditionally certified as a collective action, but no one joined the collective action. Thus, the settlement of this action is only for individual Plaintiff Guo Zhen Lin and will have no impact on any other employees or their rights. Plaintiff is no longer working for the Defendants so there is no likelihood that Plaintiff's circumstances will recur. Additionally, this case presents no novel questions of law that would benefit from extensive litigation.

### E. Plaintiff's Counsel is Entitled to Reasonable Attorney's Fees and Costs

The Settlement Agreement also provides for reasonable attorney's fees. Pursuant to our firm's agreement with Plaintiff, the firm will be reimbursed $1,777.00 in filing fees/costs, and retain 1/3 of the remaining settlement amount of $29,407.67, which comes to a total of $31,184.67. Based on my experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorney's fees. The firm has been zealously representing Plaintiff due to the complexity of the case and has made extensive efforts to prepare motion for collective action. In addition, the Parties have been actively exploring settlement possibilities. To date, the attorney's fees incurred are about $50,000.00. *See* **Exhibit B**. However, the firm is only seeking around $30,000.00.

Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). This case is distinguishable from the case cited in *Cheeks*, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees. *Cheeks*, 796 F3d at 206 (citing *Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015). Therefore, as 1/3 is standard practice in FLSA claims, it is a fair number for this matter as well.

   Hang & Associates, PLLC ("Hang & Associates") represents both plaintiffs and defendants in litigating claims arising out of the employment relationship, including claims for employment discrimination, wage and hour issues, and contract disputes. Jian Hang, Esq., principal attorney of Hang & Associates, has over ten years of experience in the field of employment law. His office currently represents plaintiffs with wage & hour claims in more than 100 lawsuits in federal and state courts and is well respected in the Flushing community. Prior to forming Hang & Associates Mr. Hang practiced labor law at Epstein, Becker & Green, P.C. Hang & Associates focuses exclusively on employment law. Given his years of experience, and the practice's specialized focus on employment law, Jian Hang typically charges an hourly rate of $375.

   Ge Qu, Esq. is the senior associate at the law firm of Hang & Associates, PLLC. He graduated from Fordham law school in 2015, received an LLM in 2017, and has practiced wage and hour law for approximately five years, and has handled over 90 FLSA cases in the Eastern District. Hang Law bills Mr. Qu at an hourly rate of $325.

   Shan Zhu, Esq., a former associate attorney at Hang & Associates, PLLC, has three years' experience litigation FLSA matters. He also had substantial experience in other complex commercial litigations. He received his Juris Doctor degree from Case Western Reserve University School of Law in January 2018, and an LLM from the same law school. Hang Law billed his hourly bill of $300.

   Guofeng Li, Esq. a junior associate attorney at Hang & Associates, PLLC, was admitted to New York bar in June 2021 and has represented both sides of plaintiffs and defendants in more than 50 labor law cases in both state courts and federal courts. He received his Juris Doctor degree with the honor of Cum Laude from Touro College Jacob D. Fuchsberg Law Center in 2021, where he had been a member of the executive board for Touro Law Review. Hang & Associates bills his service at an hourly rate of $325.

   I, Ziyi Gao, Esq., is an associate attorney of H&A who worked on this case. I received my J.D. degree from Touro College Jacob D. Fuchsberg Law Center with the honor of Magna Cum Laude in 2021. Since I joining the firm in November 2021, I have focused my practice in employment litigation, representing both plaintiffs and defendants in FLSA matters. I have actively litigated over 40 cases in both state courts and federal courts and in all stages of the litigation, from pleading, motion practice, discovery, and trial. H&A routinely bills my service at an hourly rate of $325.

   Ms. Ge Yan formerly worked as a law clerk in H&A and had experiences in doing intake, background research, conducting legal research, conducting translation, and drafting internal memos. Ms. Yan received her LL.M. Degree from the Washington University School of Law in 2019 and joined Hang & Associates the same year. Up to now, Ms. Yan has passed the Chinese National Bar Exam. As a Chinese speaker, Ms. Yan facilitates communication between clients and the attorneys in the law firm. She currently has an hourly bill of $175. In the year of 2021, she has an hourly bill of $150.

**IV.     Conclusion**

      For the foregoing reasons, counsel for all Parties respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court approve or so order the Settlement Agreement.

      Respectfully submitted,

      */s/ Ziyi Gao*
      Ziyi Gao, Esq.

cc: Defense Counsel (by ECF)